## CANTEY v. WHITAKER.

1. The Circuit Judge, who has large discretion in the direction of a trial, committed no error in receiving further testimony after the case was closed and partly argued, especially as the omission to offer such testimony at the proper time was the result of a misapprehension.
2. In action for the recovery of land brought by a remote alienee of one deceased, the defendant is not prohibited by the letter of the *proviso* to section 415 from testifying to communications and transactions between herself and the deceased as to the land in question; and she is, therefore, a competent witness.

Before COTHRAN, J., Kershaw, September, 1881.

Action by Charlotte A. Cantey against Ann W. Whitaker, for the recovery of land, commenced December 30, 1880.

Defendant's attorneys, in argument before the jury, claimed a verdict upon the ground, among others, that plaintiff had failed to prove any title to the land in dispute, and had failed to show that the land in dispute was embraced in any of the deeds offered in evidence. The presiding Judge said that he thought it was understood that the land described in the deeds embraced the tract in controversy, and had so entered it on his notes. Defendant's counsel said there was no such understanding, and he did not admit that the deeds embraced the disputed portion of land. The Judge then said he would allow plaintiff to supply the requisite proof if she could, and at the conclusion of the argument of defendant's counsel, plaintiff called E. B. Cantey, who testified that "He knew the land described in the deeds, and that the tract occupied by defendant was embraced in them and in the land now claimed by plaintiff." His Honor noted the exception of defendant to the introduction of this

evidence, and plaintiff's counsel closed the argument before the jury. All other matters are stated in the opinion.

Messrs. *J. T. Hay, T. H. Clarke* for appellant.

Messrs. *Chesnut & Workman, Kennedy & Nelson,* contra.

August 8, 1882. The opinion of the Court was delivered by MR. JUSTICE McGOWAN.—This was an action for a tract of land by metes and bounds in the neighborhood of the town of Camden. Some years ago the land was owned by one E. E. Adamson, from whom both parties claim. Whilst Adamson owned the land, about 1851, he gave the defendant, Mrs. Whittaker, permission to build on the "Peter Old Field (part of said land), and live there as long as he pleased." The neighbors helped Mrs. Whittaker to build a house upon it, and she has lived there continuously ever since the year 1852. She was sworn as a witness, and stated that her claim was twenty acres, which had been staked off to her by "a blazed line on two sides, a road on one side, and a branch on the other; that about six acres were under fence; that she had used the land as her own, cutting wood and preventing others from trespassing on it; and that she had paid taxes on it for a number of years, etc. She produced no paper title.

In November, 1857, Adamson sold the tract (including the land where Mrs. Whittaker lived), to James Dunlap, who, in 1861, conveyed the same to John Cantey, who being in debt, and judgments against him, the land was sold by the sheriff of Kershaw county as his property, May 24, 1881, and finally, the plaintiff, Charlotte A. Cantey, received titles for the same. In none of these conveyances was there any allusion to Mrs. Whittaker, or any reservations in favor of her or any one else. The plaintiff, finding the defendant living on and claiming title to a part of the land included within her boundaries, brought this action against the defendant to try the title.

The defendant claimed the land under the statute of limitations, and being on the stand as a witness, proposed to prove by her own testimony what was said and done at the time she

went into possession by Adamson, who is now dead. The presiding Judge excluded this testimony, holding that Adamson being dead, Mrs. Whittaker could not state communications or transactions with him as against Mrs. Cantey, the *alienee* of the land then owned by Adamson.

Under the instructions of the Judge, the jury returned a special verdict, giving the land to the plaintiff " with the understanding that the defendant live on the twenty acres as long as she pleases, or during her life." The judgment was entered accordingly, and the defendant appeals to this Court upon the following exceptions :

1, " That his Honor erred in excluding testimony offered by defendant as to transactions and communications had by defendant with E. E. Adamson in reference to the land in dispute herein."

8, " Because after plaintiff had closed her case and failed to prove that any of the deeds proved by her embraced the land in dispute, and after defendant's attorneys concluded their argument before the jury, in which they claimed a verdict on the ground that plaintiff had failed to prove title, his Honor allowed plaintiff to prove that said deeds did cover the land in dispute, and that by incompetent evidence ; and defendant respectfully submits that his Honor erred in so doing."

As to the last ground of appeal, it is only necessary to say that the object of all judicial proceedings is to administer justice according to the facts as they exist, and although it is absolutely necessary to observe some rules of procedure, it is always very desirable that all the facts of a case should come out and be considered. In directing a trial upon circuit, the Judge in the interest of justice, must have a large discretion. We see no error of law in his allowing testimony to be offered after the case was closed and partly argued, especially as the Judge, if not the counsel, had been under a misapprehension as to whether the fact was admitted. *Kairson* v. *Puckhaber*, 14 *S. C.* 627, and the authorities there cited.

As the case has to go back, it would not be proper now to consider the other grounds of appeal except the first, which alleges

34

error "in excluding evidence offered by defendant as to transactions and communications had by defendant with E. E. Adamson in reference to the land in dispute herein." The old rule upon the subject was that no one was a competent witness who was interested in the event of the suit on the side of the party offering him. The tendency in modern times has been to enlarge the field of competency and to allow objections to go rather to the credibility than to the admissibility of witnesses.

The Code of Procedure, section 414, makes the sweeping provision that "no person offered as a witness shall be excluded by reason of his interest in the event of the action." This is the rule declared, and section 415 extends that rule even *to the parties to the action*, but at the same time makes some exceptions, "That parties shall not be examined in regard to any transaction or communication between such witness and a person deceased, insane, or lunatic *as against a party then prosecuting or defending the action as executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person*," etc.

The plaintiff now owns and is suing to recover the land, which was owned by Adamson at the time of the alleged "transactions" with him, as to which it is claimed that those "transactions" gave the defendant rights, and the said Adamson being now dead and unable to make his own statement, it would seem that the testimony comes within the principle of the rule which excludes testimony as against one suing *as assignee* of property in question. But whilst, as it seems to us, the plaintiff *as alienee* is within the mischief intended to be remedied by the exception, she is not within its express terms. She is *third* or *fourth alienee* of the land from the deceased person, but she is neither "executor, administrator, *heir at law, next of kin, assignee, legatee, devisee, or survivor*" according to the terms of the exception, which *enumerated* those in tended to be excepted, and this Court, whose only duty it is to *declare* the law, cannot amend it so that its terms will embrace a case, which we may suppose to be within the principle upon which the law was founded, but not within its express terms. *Guery, Trustee v. Kinsler*, 3 *S. C.* 426.

In that case the plaintiff sued in the character of a trustee, succeeding by appointment the original trustee, Pearson, who was dead. The action was upon a bond given to Sarah Brown, testatrix, who had by her will appointed the first trustee. The defence was that the bond had been paid to the first trustee, and the obligor of the bond was offered to prove the payment, the person to whom the alleged payment was made being dead. The Court held that the principal obligor was competent to prove payment of the bond to the deceased trustee, " the general rule being that interested persons are competent witnesses, and the plaintiff not being a party against whom such evidence is excluded by the terms of sec. 415 of the Code of Procedure."

Chief Justice Moses, in delivering the judgment of the Court, said : " The section is in restriction of a general right, and we are not at liberty to extend it beyond its clearly expressed design. If there is doubt arising from any ambiguity of expression, it would be proper, if possible, to reconcile it with the intention of the legislature, if that could be ascertained by the means through which courts are permitted to reach it. Where, however, an exception is made by words of description, including only persons referred to as occupying particular relations, it would be transcending our authority and usurping the functions of another department to include others who, though they may be within the mischief, have not been so recognized and protected by the enactment. . . The New York Code contains a provision of the same character, though less extensive in the relations to which it applies. It has been held by the courts of that State that its operation must be restricted to the parties named in it, and cannot be extended to embrace those who, though within its spirit, are not within *its letter.*" *Hight* v. *Sackett,* 34 *N. Y.* (7 *Tiff.*) 447, and other authorities.

It is contended that if the evidence had been admitted it would only have proved an estate at will, and that could not have defeated the plaintiff's right to recover. We cannot tell in advance what the witness would have proved, and we do not undertake to say now what would be its proper legal effect,

but we only hold that the plaintiff did not fall within the exceptions expressly enumerated in sec. 415, and that we cannot enlarge them by judicial construction, and therefore the testimony should have been admitted for what it was worth.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.